STEAGALL, Justice
(dissenting).
I respectfully dissent from the majority’s decision to quash the writ in this case. The hospitals’ use of the mobile extracorporeal shockwave lithotripter to treat kidney stones does not constitute a “new institutional health service” under Ala.Code 1975, § 22-21-263(a)(4). The Court of Civil Appeals specifically stated that “[tjhere is no dispute that the Hospitals here have a history of providing their patients with some form of a kidney stone treatment.” Alabama Renal Stone Institute, Inc. v. State Health Planning Agency, 594 So.2d 106, (Ala.Civ.App.1991). Nevertheless, that court went on to conclude that “the Hospitals’ desire to use the Medstone Lithotrip-ter to perform kidney lithotripsy is a procedure which has not been offered on a regular basis at the Hospitals.” 594 So.2d at 108.
The dispositive issue here, as it was in Koch v. Houston County Hospital Board, 432 So.2d 1309 (Ala.Civ.App.1983), is whether the hospitals were “capable of providing” kidney stone treatment prior to using the lithotripter for that purpose. 432 So.2d at 1312. The Court of Civil Appeals was careful in Koch to distinguish between the capability of providing a service and the utilization of that service in holding that the purchase and use of an EKG pressure recorder fell outside the definition of “new services.” The holding in this case *111 cannot be reconciled with the holding in Koch and, therefore, I respectfully dissent,
MADDOX, J., concurs.